```
          IN THE UNITED STATES DISTRICT COURT FOR
           THE DISTRICT OF MARYLAND, NORTHERN DIVISION
```

|  |  |
|---|---|
| BREN JACOBSON, | * |
| Plaintiff, | * |
| v. | * CIVIL NO.: WDQ-06-1629 |
| ALLSTATE INSURANCE COMPANY, | * |
| Defendants. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

Bren Jacobson has sued Allstate Insurance Company ("Allstate") for insurance procurement fraud, claim adjustment fraud, intentional infliction of emotional distress, malicious destruction of property, and breach of contract. Pending is Allstate's motion to extend the time required to file its answer on Counts 4 and 5 of the complaint while its motion to dismiss Counts 1 through 3 is pending. For the following reasons, the motion will be denied as moot.

I.   Background

On September 18, 2003, Hurricane Isabel hit the east coast of the United States and allegedly heavily damaged the home of Bren Jacobson, a resident of Anne Arundel County, Maryland. Compl. ¶ 9. Jacobson's claims against Allstate, arise out of Allstate's subsequent disposition of Jacobson's insurance claims

under his homeowner policy.  Compl. ¶¶ 2-6.  Jacobson filed a complaint against Allstate in the Circuit Court for Anne Arundel County, Maryland, on June 2, 2006, that was removed to this Court on June 7, 2006.

On July 21, 2006, Allstate filed this motion along with a motion to dismiss Counts 1 through 3 under Federal Rule of Civil Procedure ("Rule") 12(b)(6).  "In an abundance of caution," Allstate seeks an order extending the deadline for filing its answer on Counts 4 and 5, or confirmation from the Court that under Rule 12(a)(4) it has 10 days after the Court's ruling on its motion to dismiss to file an answer to all the remaining Counts.  Jacobson has not responded in opposition to Allstate's motion.

II. Analysis

Rule 12(a)(4) states:

Unless a different time is fixed by court order, the service of a motion permitted under this rule alters these periods of time as follows:

(A) if the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be served within 10 days after notice of the court's action; or

(B) if the court grants a motion for a more definite statement, the responsive pleading shall be served within 10 days after the service of the more definite statement.

But the language of Rule 12(a)(4) does not make clear whether filing a Rule 12(b) motion to dismiss only some of the counts in

2

a pleading extends the time for answering the remaining unchallenged counts; and the Court has found no further guidance from the Fourth Circuit for this situation.

A minority of courts have refused to apply Rule 12(a)(4) to enlarge the period of time for answering remaining portions of a pleading, but the majority view is that filing a 12(b) motion directed to only part of a pleading suspends the time to respond to the entire pleading.  *See, e.g.*, *Godlewski v. Affiliated Computer Services, Inc.*, 210 F.R.D. 571, 572 (E.D. Va. 2002); *Finnegan v. University of Rochester Medical Center*, 180 F.R.D. 247, 249-50 (W.D.N.Y. 1998), *Ritts v. Dealers Alliance Credit Corp.*, 989 F. Supp. 1475, 1480 (N.D. Ga. 1997); 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1346 (Civ. 3d ed. 2006).  "The rationale underlying this majority rule is that the minority approach requires duplicative sets of pleadings in the event that the Rule 12(b) motion is denied and causes confusion over the proper scope of discovery while the motion is pending."  *Godlewski*, 210 F.R.D. at 572.

This Court adopts the majority view, and construes Rule 12(a)(4) to provide that service of a 12(b) motion that addresses only part of a complaint suspends the time to respond to the entire complaint.  Accordingly, Allstate's motion to extend the deadline for answering Counts 4 and 5 is moot; pursuant to Rule 12(a)(4), Allstate's answer to the entire complaint shall be

served within 10 days after notice of the Court's ruling on the pending motion to dismiss Counts 1-3.

III. Conclusion

For the reasons stated above, Allstate's motion will be denied as moot.

<u>October 17, 2006</u>             _____/s/_____
Date                               William D. Quarles, Jr.
                                   United States District Judge